# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD BABB, §<br>§<br>  *Plaintiff*, §<br>§<br>versus §<br>§<br>CAROLYN W. COLVIN, §<br>Acting Commissioner of §<br>Social Security, §<br>§<br>  *Defendant*. § | CIVIL ACTION NO. 5:13-868 |

## **REPORT AND RECOMMENDATION**

Edward Babb ("Babb") seeks review of an adverse decision on his applications for disability-based benefits under the Social Security Act.

### I. Judicial Review

A reviewing court's limited role under 42 U.S.C. § 405(g) is to determine whether (a) the Commissioner applied proper legal standards and (b) the decision is supported by substantial evidence. *See Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009), *cert. denied*, 559 U.S. 962 (2010); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also* 42 U.S.C. § 405(g). Reviewing courts also must take "due account" of "the rule of prejudicial error." 5 U.S.C. § 706; *see also* 28 U.S.C. § 2111 (directing that judgments given upon examination of records be "without regard to errors or defects which do not affect the substantial rights of the parties"); *see also* FED. R. CIV. P. 61 (stating that "the court must disregard all errors and defects that do not affect any party's substantial rights").

## II. Background

Babb claimed disability due to trouble reading from a "lazy" right eye, diabetes, back arthritis, inability to lift, stand, or sit for a long period, lump in neck, dizzy spells and surgery on right knee. (T. 144).[1] After his claim was denied initially, he requested an evidentiary hearing. Administrative law judge, Richard E. Guida ("ALJ Guida") conducted that hearing. (T. 10, 41-63). Babb, represented by legal counsel, attended and testified. ALJ Guida also obtained testimony from an impartial vocational expert, Bassey E. Duke ("VE Duke"). (*Id*.).

In a written decision, ALJ Guida denied Babb's applications. (T. 10-18). Babb requested Appeals Council review. (T. 128-30). The Appeals Council denied Babb's request for review (T. 1-8); Babb then instituted this proceeding.

## III. Commissioner's Decision[2]

ALJ Guida found that Babb suffers from several severe impairments consisting of "obesity, diabetes mellitus, right knee meniscus tear status-post arthroscopy, and degenerative disc disease." (T. 12).[3] These impairments

---

[1] "T." followed by a number refers to the page of the administrative record. (Dkt. No. 8).

[2] ALJ Guida utilized a five-step sequential evaluation procedure prescribed by regulation and approved by courts as a fair and just way to determine disability applications in conformity with the Social Security Act. The procedure is "sequential" in the sense that when a decision can be reached at an early step, remaining steps are not considered. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461 (1983)). A full discussion of the Commissioner's five-step process is contained in *Christiana v. Commissioner of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

[3] Medical evidence indicated that Babb also has symptoms of hyperlipidemia, hypertension, memory loss, and right shoulder problems. ALJ Guida concluded that they were not severe impairments because they caused no more than minimal effect in Babb's ability to perform basic work activities. (T. 12-13). Babb does not challenge this finding.

diminish Babb's capacity for work-related activities such that his current physical residual functional capacity is for work only at the light exertional level with several postural limitations.[4] (T. 14-16).

VE Duke testified that a person with such capacity can perform Babb's past relevant work as an "assembler" (light/unskilled) and as a "security guard" (light/semi-skilled) as such jobs generally are performed. (T. 16-17, 57-58). He also identified other available occupations (representative examples being ticket taker, marker, and locker room attendant) that such a person can perform. (T. 17-18, 58-59).

Based on VE Duke's testimony and the "framework" of Medical-Vocational Rules 202.21,[5] ALJ Guida concluded that a finding of "not disabled" was appropriate. (T. 18). Babb's application was denied because his impairments do not prevent his performance of substantial gainful activity. (*Id*.).

---

[4] ALJ Guida's full residual functional capacity finding was:

```
[C]laimant has the residual functional capacity to perform light
work as defined in 20 CFR 404.1567(b) and 416.967(b), except the
claimant can occasionally perform all postural movements, except he
can never climb, ladders ropes or scaffolds, and can never crawl.
The claimant's ability to perform overhead reaching is limited
bilaterally to occasional, and all other reaching bilaterally is
limited to frequent.
```

(T. 14).

[5] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2. The Medical-Vocational Guidelines are a matrix of general findings – established by rule – as to whether work exists in the national economy that a person can perform. They "take into account a claimant's residual functional capacity, as well as her age, education, and work experience." *Calabrese v. Astrue*, 358 Fed. App'x 274, 276 & n. 1 (2d Cir. 2009) (summary order) (citing *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999)).

## IV. Points of Alleged Error

Babb's brief to this court argues:

> The decision of the ALJ is *not supported by substantial evidence* because the ALJ failed to *properly assess claimant's credibility* and . . . *fully develop the record* regarding the claimant's mental impairment.

(Dkt. No. 10, p. 3) (emphasis added). Babb argues that ALJ Guida failed to follow a two-step analysis prescribed by law for assessing credibility of subjective testimony. (*Id.*, pp. 3-5). Babb next argues that ALJ Guida failed to comply with his legal duty to develop the record regarding Babb's mental impairment (memory loss) to the extent necessary for a fully-informed decision.

Analytically, neither proffered error implicates sufficiency of evidence. The first prong argues that ALJ Guida failed to apply *proper legal standards* when assessing credibility of subjective testimony. The second suggests disregard of a *legal duty* to develop a full record. Babb's arguments, therefore, must be weighed in those contexts.

## V. Subjective Testimony

*A.   Babb's Testimony*

Babb, 49 years of age, is six feet tall and weighs 373 pounds. (T. 47-48). He has diabetes for which he take medication, including insulin. (T. 48). He has a lump on the back of his neck, which makes him dizzy when he looks up. (T. 45-47). His lower back is "full of arthritis." (T. 50). He has "trouble" with his right knee (post-surgery) when he walks more than a block. (T. 50-51.). He also has right hip pain. (T. 52). He can only sit or stand for five or ten minutes before he has to move around. (T. 52-53). He has difficulty bending over. (T. 53). He cannot get down on his knees. (T. 55). His shoulders also are "full of arthritis," and he cannot lift his right arm higher than his shoulder. (T. 55). He has

worsening memory problems since 1998. (T. 54). He gets confused, forgets to take his medicine, and has to be reminded of doctor appointments. (*Id*.).

Babb lives with his sister. He tries to help her with cooking and cleaning dishes, but he has to sit down frequently. (T. 47). On a typical day, he watches television, and walks a block to where his other sister lives. (T. 49). He visits with her, and then walks back home. (*Id*.). He drives a car to the store, walks around Wal-Mart, and does shopping. (T. 50). He also "putters" around in a shed until his back starts bothering him. (*Id*.).

B.  *ALJ Guida's Assessment of Babb's Credibility*

ALJ Guida summarized Babb's hearing testimony, and concluded that Babb's subjective statements concerning intensity, persistence and limiting effects of his symptoms are "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 14). ALJ Guida reasoned that "[n]othing in claimant's clinical signs suggests that the residual functional capacity assessment is unreasonable." (T. 16). He further noted that the medical record does not reflect a treatment regimen inconsistent with such limitations. (*Id*.). ALJ Guida determined that "[i]n sum, the above residual functional capacity assessment is supported by the medical evidence of record, the opinion of the consultative examiner, the claimant's lack of treatment, and lack of credibility in some areas, and the inconsistency in other areas."[6] (*Id*.).

---

[6] ALJ Guida did not identify any specific internal inconsistency.

C.  *Babb's Challenge*

Babb argues that ALJ Guida did not apply correct legal standards when evaluating Babb's subjective complaints.  Specifically, Babb contends that ALJ Guida committed reversible error because he neglected to make a threshold determination of whether Babb's impairments can reasonably be expected to cause his alleged pain and other symptoms. (Dkt. No. 10, pp. 3-5).

The Commissioner responds that ALJ Guida "clearly found that Plaintiff had impairments that could cause Plaintiff's symptoms." (Dkt. No. 14, p. 7). The Commissioner further argues that ALJ Guida considered regulatory factors relevant to subjective credibility (*e.g.*, conservative medical treatment), and that substantial evidence supports ALJ Guida's finding that Babb's self-assessment of the disabling effect of his symptoms is not fully credible.

D.  *Governing Legal Principles*

Pain is an important element in disability claims, and pain evidence must be thoroughly considered.  *See Ber v. Celebrezze*, 332 F.2d 293, 298–99 (2d Cir. 1964).  The best-informed (sometimes only) source of information regarding intensity, persistence and limiting effects of pain and other potentially disabling symptoms is the person who suffers therefrom.  Testimony from claimants, therefore, is not only relevant, but desirable.

On the other hand, such testimony may be colored by the claimant's interest in obtaining a favorable outcome. Hence, subjective symptomatology by itself cannot be the basis for a finding of disability.  A claimant must present

medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptoms alleged.[7]

The Commissioner provides explicit guidance to help administrative law judges decide how much weight to give claimants' subjective self-evaluations. When medical evidence establishes an impairment that reasonably can be expected to produce the symptoms alleged, a formally-promulgated regulation requires consideration of seven specific, objective factors that naturally support or impugn subjective testimony of disabling pain and other symptoms.[8] An internal policy ruling directs administrative law judges to follow a two-step process:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or medical impairment (s) . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . .

---

[7] *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, TITLES II AND XVI: EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS: ASSESSING THE CREDIBILITY OF AN INDIVIDUAL'S STATEMENTS, 1996 WL 374186, at *2 (SSA July 2, 1996); SSR 96-4p, TITLES II AND XVI: SYMPTOMS, MEDICALLY DETERMINABLE PHYSICAL AND MENTAL IMPAIRMENTS, AND EXERTIONAL AND NONEXERTIONAL LIMITATIONS, 61 Fed. Reg. 34488-01, 34489, 1996 WL 362210 (SSA July 2, 1996).

[8] An administrative law judge must evaluate a claimant's symptoms, including pain, based on the medical evidence and other evidence, including the following factors:

```
(i) claimant's daily activities;
(ii) location, duration frequency, and intensity of claimant's pain
or other symptoms;
(iii) precipitating and aggravating factors;
(iv) type, dosage, effectiveness, and side effects of any medication
claimant takes or has taken to alleviate her pain or other symptoms;
(v) treatment, other than medication, claimant receives or has
received for relief of her pain or other symptoms;
(vi) measures claimant uses or has used to relieve pain or other
symptoms; and
(vii) other factors concerning claimant's functional limitations and
restrictions due to pain or other symptoms.
```

*See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities . . . .

*See* SSR 96-7p, TITLES II AND XVI: EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS: ASSESSING THE CREDIBILITY OF AN INDIVIDUAL'S STATEMENTS, 1996 WL 374186, at *2 (SSA July 2, 1996). This ruling further provides that "whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." *Id.*[9]

## E.  Discussion and Application

As just described, a determination of whether a person is disabled by pain or other symptoms is a two-step process. First, an administrative law judge must determine whether a claimant suffers from a medically determinable impairment that can reasonably be expected to produce the pain alleged. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *see also* SSR 96–7p, 1996 WL 374186, at *2. Second, and only after that threshold inquiry is satisfied, an administrative law judge must evaluate intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the administrative law judge must engage in a seven-factor credibility inquiry. *See*

---

[9] Governing circuit law generally mirrors the Commissioner's Ruling. Thus, when administrative law judges reject claimants' testimony of pain and limitations, they must provide explicit reasons for rejecting the testimony. *See Williams v. Bowen*, 859 F.2d 255, 260-61 (2d Cir. 1988); *Carroll v. Secretary of Health & Human Servs.*, 705 F.2d 638, 643 (2d Cir. 1983).

20 C.F.R. § 404.1529(c)(3)(i)-(vii); *Taylor v. Barnhart*, 83 Fed. App'x 347, 350–51 (2d Cir. 2003) (summary order)).

1. Was There a Threshold Finding?

Initially, the court must settle competing arguments as to whether ALJ Guida made the threshold finding required under the two-step process. Certainly, ALJ Guida did not make an *in haec verba* finding as to whether Babb's medically determinable impairments reasonably can be expected to produce pain and other symptoms subjectively alleged by Babb.

The Commissioner argues, however, that ALJ Guida *essentially* complied with this requirement. ALJ Guida acknowledged and correctly described the "two-step process" for evaluating subjective pain and symptom testimony in the "Findings of Fact and Conclusions of Law" section of his decision. (T. 14). Earlier in the decision, he found that Babb's impairments "cause more than a minimal effect on the claimant's ability to perform basic work activities." (T. 12).

This finding addressed *severity* of Babb's impairments for sequential-analysis Step 2 purposes.[10] It preceded and was entirely separate and distinct from assessment of Babb's *credibility* regarding effects of subjective pain and other symptoms. Therefore, Babb's contention that ALJ Guida made no express finding as to whether objective medical evidence establishes impairments capable of causing the degree and type of pain alleged is persuasive. To that extent, ALJ Guida erred in failing to apply correct legal standards.

---

[10] At Step 2 of sequential evaluation (described in note 2, *supra*), adjudicators determine whether claimants have "severe" impairments. A "severe impairment" is "any impairment or combination of impairments which significantly limits . . .physical or mental ability to do basic work activities." *See* 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also* 20 C.F.R. §§ 404.1521(a), 416.921(a). An impairment is severe when it causes more than minimal functional limitations. 20 C.F.R. §§ 404.924(c), 416.924(c); SSR 85-28, TITLES II AND XVI: MEDICAL IMPAIRMENTS THAT ARE NOT SEVERE, 1985 WL 56856, at *3 (SSA 1985).

2. Effect

The court must next address whether failure to make such express finding constitutes reversible error. On this issue, Babb's case is analytically synonymous with *Meadors v. Astrue*, 370 Fed. App'x 179 (2d Cir. 2010). There, the court held that directly assessing credibility under the second (seven-factor) step of credibility analysis without first expressly deciding the threshold question (whether objective medical evidence discloses an impairment capable of causing the degree and type of pain alleged) constitutes error requiring remand. *Id.,* at 183-84. *Meadors* reasoned that lack of an express threshold finding rendered the Commissioner's decision unamenable to meaningful judicial review:

> It is unclear whether the ALJ determined at the *first* step of [his] credibility determination that [Appellant's] impairments could not reasonably be expected to produce the pain ... alleged, or whether [he] determined at the *second* step that [Appellant's] allegations regarding the intensity, persistence and limiting effects of [her] pain ... were not consistent with the objective medical or other evidence. . . .
>
> Put another way, our Court is unable to discern whether the ALJ found that: (1) Appellant's contentions of pain are not reasonably consistent with those medical conditions from which she suffers; or (2) Appellant's contentions of pain are *consistent* with those medical conditions, but the intensity and persistence she identifies are unsubstantiated and her subjective allegations alone are not credible.

370 Fed. App'x at 184 (internal citations and quotations omitted).

*Meadors* elaborates on the importance of the distinction between these potential findings:

> This is important because at the first step in the credibility analysis, [Appellant's] allegations *need not be substantiated by medical evidence, but simply consistent with it.* The entire purpose of [§ ] 404.1529 is to provide a means for claimants to offer proof that is not wholly demonstrable by medical evidence. . . . [O]nly allegations beyond what is

substantiated by medical evidence are to be subjected to a credibility analysis.

*Id*. (emphasis in original) (internal citations and quotations omitted).

This rationale was articulated again in a similar district court case:

*It is critical to proceed through the steps in order*, because once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain.... Said differently, once an ALJ concludes that an impairment could reasonably be expected to produce the pain alleged, he ought to view any inconsistency or defect in the plaintiff's subjective testimony through a more discriminating lens because the plaintiff's subjective allegations, at that point, are consistent with the objective expectations.

*Johnson v. Colvin*, Civil Action No. 2:12–cv–01475–JMC, 2013 WL 5139122, at *12 (D.S.C. Sept. 11, 2013) (emphasis added, internal citations and quotations omitted). Thus, an express first-step finding is crucial to a valid subjective credibility assessment.

Here, ALJ Guida's only evaluation of Babb's subjective testimony regarding limiting effects of pain and other symptoms consisted of a *vis-a-vis* comparison of it with objective medical evidence. This imposed an undue and unlawful burden on Babb. *Meadors* again, illuminates this error:

By requiring that Appellant's allegations of pain be "well supported" by the medical evidence, the ALJ imposed an undue burden on the Appellant at the credibility stage. A claimant who alleges a disability based on the subjective experience of pain need not adduce direct medical evidence confirming the extent of the pain, but [instead] medical signs and laboratory findings which show that the claimant has a medical impairment which could reasonably be expected to produce the pain.

*Meadors*, 370 Fed. App'x at 185 (internal quotations and citations omitted).

3. Conclusion

Based on *Meadors*, Babb was deprived of a substantial right to have his disability determination made according to correct legal principles.[11] Therefore, this case should be remanded for a redetermination of Babb's residual functional capacity under the correct subjective credibility standard.[12]

## VI. Remaining Point of Error

It is unnecessary to address Babb's remaining point relating to ALJ Guida's failure to develop the record related to his memory loss because remand is necessary based on the subjective credibility error discussed above. Upon remand, however, the Commissioner should consider this point when making a new determination.

## VII. Recommendation

The Commissioner's decision should be REVERSED, and the case should be REMANDED pursuant to 42 U.S.C. § 405(g), sentence four, for further proceedings in accordance with this recommendation.

---

[11] *Meadors* does not govern under the rule of *stare decisis* because it is a "summary order" decided in 2010 which "was not selected for publication in the Federal Reporter." 370 Fed. App'x at 179. Second Circuit Local Rule 32.1.1 states that "[r]ulings by summary order do not have precedential effect." 2d Cir. R. 32.1.1(a). However, "[d]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases." *Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) (internal quotation marks and citation omitted). This case is nearly identical to *Meadors,* and the undersigned finds *Meadors* persuasive and directly on point.

[12] Upon remand, the Commissioner and any administrative law judge to whom Babb's claim may be assigned should consider the court's admonitions in *Meadors* that should evaluation again reach Step 4 of sequential evaluation, and if a threshold determination is made that Babb's medically determinable impairments reasonably can be expected to produce the pain and other symptoms alleged, the administrative law judge should then consider all of the credibility factors required by SSR 96-7p, and not base a finding solely on ability to undertake essential daily tasks. *Meadors*, 370 Fed. App'x at 185 n. 2.

## VIII. Objections

Parties have fourteen (14) days to file specific, written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THE REPORT, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Graham v. City of New York*, 443 Fed. App'x 657, 658 (2d Cir. 2011) (summary order); *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995); *see also* 28 U.S.C. § 636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Signed on the   13   day of     August     2014.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge